UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DORIAN BROWN**, | ) | CASE NO. 1:20-CV-02320-CEF |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | DARRELL A. CLAY |
| **WARDEN JAY FORSHEY**, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION (ECF NO.** |
| | ) | **10)** |

On October 13, 2020, Petitioner Dorian Brown ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). On December 12, 2020, Respondent Noble Correctional Institution Warden Jay Forshey ("Respondent") filed a Return of Writ. (ECF No. 6). On January 24, 2021, Petitioner filed the Traverse. (ECF No. 7). On January 28, 2021, Respondent filed a Reply to Traverse. (ECF No. 8). On December 11, 2023, Magistrate Judge Darrell A. Clay issued a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the petition. (ECF No. 10). Petitioner timely objected to the R&R on December 22, 2023. (ECF No. 11). Upon consideration of Petitioner's objections, the Court **ADOPTS** the R&R in its entirety. Petitioner's petition is hereby **DENIED** and **DISMISSED**.

## I.     FACTUAL BACKGROUND

The Court **ADOPTS** Magistrate Judge Clay's findings of fact in Sections A. (factual findings of the court of appeals), B. (trial court proceedings), and C. (direct appeal). The Court adds that, on December 11, 2023, Magistrate Judge Clay issued an R&R recommending that this Court (1) deny Petitioner's Grounds One and Two as not cognizable under federal habeas review; (2) deny Petitioner's Ground Two and Three as procedurally defaulted; (3) deny Ground Four as

1

not cognizable on federal habeas review; and (4) decline to issue a certificate of appealability. (*Id.* at PageID #2148–61).

On December 22, 2023, Petitioner objected to the R&R. (ECF No. 11, PageID #2164). Petitioner claims that the Magistrate Judge erred when he concluded that Petitioner did not have a constitutional right to a unanimous jury at the time of the verdict. (*Id.* at PageID #2167). Petitioner also objects to the Magistrate Judge's finding that Grounds Two and Three are procedurally defaulted. (*Id.* at PageID #2176–81). Petitioner argues that his constitutional rights were violated when the trial court admitted improper prejudicial evidence and the Eighth District Court of Appeals found the error to be harmless to his conviction. (*Id.* at PageID #2181). Finally, Petitioner argues that he should have received a certificate of appealability. (*Id.* at PageID #2182–84).

## II. LEGAL STANDARD

### A. Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to consider an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Cuyahoga County Common Pleas Court sentenced Petitioner and is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Petitioner's § 2254 petition.

### B. Exhaustion of Available State Court Remedies

Under 28 U.S.C. § 2254(b)(1), a court may not grant a habeas petition unless it appears the petitioner has exhausted all available state court remedies, state corrective process is unavailable, or circumstances render such state process ineffective to protect the petitioner's rights. 28 U.S.C.

§ 2254(b)(1). A petitioner must give the state courts a full and fair "opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Federal courts cannot exercise jurisdiction over a claim in a habeas petition if it was not "fairly presented" to the state courts on appeal. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). A claim is considered "fairly presented" if the petitioner asserted "a factual and legal basis for his claim in state court." *Id*. A petitioner has failed to exhaust state court remedies when those state remedies remain "at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

### III. DISCUSSION

#### A. Grounds One and Two are not cognizable on federal habeas review.

The Magistrate Judge found that Grounds One and Two are not cognizable claims on federal habeas review because Petitioner "did not have a federal constitutional right to a unanimous verdict in his state criminal trial" when he was tried. (ECF No. 10, PageID #2148). Petitioner argues that the right to a unanimous jury verdict applies retroactively to his federal habeas action. (ECF No. 11, PageID #2167; 2169–70 (citing *Ramos v. Louisiana*, 590 U.S. 83 (2000)). Petitioner also objects to the Magistrate Judge's conclusion that Petitioner was not subjected to a "fundamentally unfair" criminal process when the trial court failed to provide a jury instruction clarifying which act under Ohio's "Trafficking in Persons" statute he allegedly committed; Petitioner's statute of conviction—Ohio Rev. Code Ann. § 2905.32(A)(1) (West 2022)—is a multiple-acts statute, and the jury instructions did not specify whether Petitioner had been charged with (1) subjecting another person to involuntary servitude, or (2) compelling another person to engage in sexual activity for hire. (*Id.* at PageID #2168-69; 2175–76).

3

### *1. Petitioner did not have a right to a unanimous jury when he was convicted.*

Under 28 U.S.C. § 2254(d)(1), the district court cannot grant an application for a writ of habeas corpus "unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." "Clearly established federal law" is "the governing legal principle, or principles, set forth by the Supreme Court *at the time the state court renders its decision*." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (emphasis added).

In *Ramos,* the Supreme Court held that the Fourteenth Amendment incorporates the Sixth Amendment's right to a unanimous jury to the States, thus requiring a unanimous jury to convict a defendant of a serious offense. 590 U.S. at 93. In a subsequent case, the Court considered whether *Ramos* applies retroactively on federal collateral review, analyzing (1) whether *Ramos* announced a new rule of criminal procedure, as opposed to a settled rule; and (2) if *Ramos* announced a new rule, whether it fell within an exception for watershed rules of criminal procedure that apply retroactively on federal collateral review. *Edwards v. Vannoy*, 593 U.S. 255, 265 (2021).

First, the Supreme Court concluded that *Ramos* announced a new rule because "it was not dictated by precedent or apparent to all reasonable jurists" when the *Edwards* defendant's conviction became final. *Id*. Second, the Court explained that the watershed exception is a narrow standard that only applies when a new rule alters the "understanding of the bedrock procedural elements of fairness of a proceeding." *Id*. at 267 (quoting *Whorton v. Bockting*, 549 U.S. 406, 417–18 (2007)). The Supreme Court has applied this exception only once, in *Gideon v. Wainwright*, when it recognized the right to counsel. 372 U.S. 335, 344–45 (1963). Other than the Supreme Court's decision in *Gideon*, there has never been any other rule in which the Supreme

4

Court applied the watershed exception. *Edwards*, 593 U.S. at 258–59. In fact, *Edwards* abolished the watershed-rule exception when it declared that all "[n]ew procedural rules do not apply retroactively on federal collateral review." *Id.* at 258 ("The watershed exception is moribund. It must 'be regarded as retaining no vitality.'") (quoting *Herrera v. Wyoming*, 587 U.S. 329, 342 (2019)). *Edwards* thus concluded: "*Ramos* does not apply retroactively on federal collateral review." *Id.* at 273.

In spite of this unambiguous holding, Petitioner argues that he should benefit from the *Ramos* decision on collateral review because he notified the Ohio Supreme Court of the then-pending *Ramos* case in his direct appeal. (ECF No. 11, PageID #2170). Although the Ohio Supreme Court declined to exercise jurisdiction over his direct appeal, Petitioner relies on *Teague v. Lane*, 489 U.S. 288 (1989) for the proposition that "he should be deemed to be in the same position as any individual whose direct appeal was still open when the [*Ramos*] rule was decided." (*Id.*).

Yet, Petitioner's direct appeal was *not* still open when the Court decided *Ramos*. Petitioner's direct appeal concluded on October 24, 2019; *Ramos* was decided on April 20, 2020. As *Teague* itself explains, applying "constitutional rules not in existence *at the time of conviction became final* seriously undermines the principle of finality which is essential to the operation of our criminal justice system." 489 U.S. at 309 (emphasis added). Moreover, giving Petitioner the benefit of *Ramos* because he footnoted it while it was pending during his direct appeal would create the very problem *Teague* sought to avoid: Petitioner would receive a retroactive benefit from *Ramos* while other individuals whose direct appeals were pending pre-*Ramos* would not. According to *Teague*,

> the harm caused by the failure to treat similarly situated defendants alike cannot be exaggerated: such inequitable treatment hardly comports with the

5

> ideal of administration of justice with an even hand. . . . Our refusal to allow such disparate treatment in the direct review context led us to adopt the first part of Justice Harlan's retroactivity approach in *Griffith*. "The fact that the new rule may constitute a clear break with the past has no bearing on the actual inequity that results when only one of many similarly situated defendants receives the benefit of the new rule."

*Id.* at 315 (citing *Griffith v. Kentucky*, 479 U.S. 314, 327–28 (1987) (cleaned up). This Court will not defy *Teague*'s clear mandate. Since *Ramos* was decided six months after Petitioner's conviction, and since it is not a retroactive rule, the Magistrate Judge correctly determined that Petitioner did not have a right to a unanimous verdict in his state criminal trial.

### 2. Petitioner was not subject to a "fundamentally unfair" criminal process.

To the extent Petitioner argues that he was subjected to a "fundamentally unfair" criminal process, he has the burden to show "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007). The R&R concluded that Petitioner did not show "how a violation of Crim. R. 31 that does not result in a non-unanimous verdict . . . resulted in a fundamentally unfair criminal process." (ECF No. 10, PageID #2148–29).

Petitioner counters that the court of appeals found a violation of Crim. R. 31 because, due to the trial court's failure to instruct the jury that they must all agree to the same criminal act, "some of the jurors might have found that [Petitioner] committed human trafficking in one way while others found that he committed it in another." (ECF No. 11, PageID #2174) (quoting *State v. Brown*, 134 N.E.3d 783, 796 (2019). Petitioner cherry picks this sentence from the appellate court's opinion, which goes on to explain, consistent with the R&R:

> Despite this violation we decline to exercise our discretion and find plain error because notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. In this case, the evidence was overwhelming that the act by which [Petitioner]

6

> was trafficking in persons was sexual in nature. There appeared to be no juror confusion regarding this fact because the jurors also found [Petitioner] guilty of compelling prostitution, another sexual offense. The only evidence presented was that the activity that D.R. was compelled to engage in was entirely sexual in nature.

*Brown*, 134 N.E.3d at 796. The R&R emphasized this point by quoting the State's closing argument, which referenced what it means to "compel," and pointing out that "there was no evidence of forced labor presented at trial." (ECF No. 10, PageID #2153). The Court agrees with the court of appeals and the R&R; there is no reason to believe that the jury's verdict was not unanimous. The appellate court's plain-error review, along with its decision not to correct the plain error, did not result in a fundamentally unfair criminal process.

Accordingly, the Court **OVERRULES** Petitioner's objections to the Magistrate Judge's finding that Petitioner did not have a federal constitutional right to a unanimous jury verdict at his state criminal trial. The Court also **OVERRULES** Petitioner's objections to the Magistrate Judge's finding that Petitioner's Ground One is solely a state law issue. The Court **ADOPTS** the R&R and **DISMISSES** Grounds One and Two as not cognizable on federal habeas review.

### B. Grounds Two and Three are procedurally defaulted.

According to the R&R, even if Ground Two is a cognizable claim for federal habeas review, it is procedurally defaulted because Petitioner did not object to the challenged jury instruction during trial, and the Eighth District enforced its contemporaneous objection rule. (ECF No. 10, PageID #2154). Similarly, the Magistrate Judge found that Ground Three is procedurally defaulted. Petitioner never presented an Eighth Amendment claim asserting cruel and unusual punishment in the state courts and failed to object to the imposition sex offender registration at the time of sentencing. (*Id.* at PageID #2157).

7

There are two ways a petitioner's claim may be procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim may be procedurally defaulted if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* To determine whether a petitioner's noncompliance with a state procedural rule bars review of his habeas claim, courts within the Sixth Circuit apply the four *Maupin* factors:

> (1) The court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule;
> (2) The court must determine whether the state courts actually enforced the state procedural sanction;
> (3) The court must decide whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and
> (4) If the state court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a claim is procedurally defaulted when a petitioner fails to raise and pursue it in state court through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). Ohio "provides only limited collateral review of convictions; prisoners may not raise claims that could have been litigated before judgment or on direct appeal." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In other words, a procedural default occurs when "state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period." *Williams*, 460 F.3d at 806; *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).

A reviewing court may yet hear procedurally defaulted claims if a petitioner can show (1) "cause for the default and actual prejudice as the result of the alleged violation of federal law"; or

8

(2) that "a fundamental miscarriage of justice" will result from not reviewing the claim. *Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749 (1991)). Petitioner cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; instead, he must present affirmative evidence or argument for the precise cause and prejudice produced by the procedural default. *See Tinsley v. Million*, 399 F.3d 796, 806 (6th Cir. 2005) (citing *Northland Ins. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at a developed argumentation, are deemed waived.") (quotation omitted)).

Cause ordinarily turns on whether the petitioner can show that some objective factor, external to the defense, "impeded counsel's efforts to comply with the State's procedural rule." *Lundgren*, 440 F.3d at 763–64 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Ineffective assistance of counsel may serve as cause to excuse a procedural default if the ineffective assistance of counsel claim itself is not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). Attorney error does not constitute "cause" unless it rises to a constitutional violation of the right to counsel under *Strickland v. Washington*. *Murray*, 477 U.S. at 488 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

To show prejudice, a Petitioner must demonstrate that the purported constitutional errors worked to his actual and substantial disadvantage. *Id.* at 494. Prejudice requires a reasonable probability that the result of the proceeding—*i.e.*, a petitioner's underlying conviction—would have been different. *Ambrose v. Booker*, 801 F.3d 567, 577–78 (6th Cir. 2015). A finding of cause and prejudice does not entitle a petitioner to relief; it only allows a federal court to consider the merits of a claim that would have otherwise been procedurally defaulted. *Martinez v. Ryan*, 566 U.S. 1, 10 (2012).

Absent cause and prejudice, Petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray*, 477 U.S. at 495. A fundamental miscarriage of justice occurs in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495–96. Actual innocence is "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Valid actual-innocence claims must be supported by new and reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial and is persuasive enough that a court could not have confidence in the outcome of the petitioner's trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Put another way, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

### 1. Ground Two

Petitioner claims that Ground Two is not procedurally defaulted because he had no obligation to object to the jury instruction when the trial court itself erred by failing to give a proper instruction. (ECF No. 11, PageID #2176). The Court disagrees.

First, the Court must determine whether there is a state procedural rule that applies to Petitioner's claim and whether he complied with that rule. Ohio's contemporaneous objection rule is contained in Ohio Crim. R. P. 30(A): "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds for the objection." The Eighth District found that Petitioner "did not object to the jury instructions." *State v. Brown*, 134 N.E.3d

783, 793 (Ohio Ct. App. Apr. 19, 2019). Petitioner's failure to comply with the state's procedural rule regarding contemporaneous objections satisfies the first prong of the *Maupin* test.

The second *Maupin* prong considers whether the state court enforced the procedural rule. The Sixth Circuit has held that "an Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default." *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *see William v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004) ("Plain error review by an appellate court constitutes enforcement of Ohio's contemporaneous objection rule."). Since Petitioner did not object to the jury instructions at trial, the court of appeals determined it would review the direct appeal using the plain-error analysis. *Brown*, 134 N.E.3d at 792—93. The court of appeals enforced its contemporaneous objection rule by reviewing Petitioner's appeal for plain error, thus satisfying part two of the *Maupin* test.

As to the third *Maupin* factor, the Sixth Circuit has held that "Ohio's contemporaneous objection rule is an adequate and independent state ground for barring habeas relief, and a state appellate court's decision to review a claim for plain error does not waive a procedural default." *Stites v. Smith*, No. 22-3177, 2022 WL 3970926, at *2 (6th Cir. Aug. 24, 2022). Thus, the third prong of the *Maupin* test is satisfied as the contemporaneous objection rule is an adequate and independent state ground.

For the fourth *Maupin* factor, Petitioner argues that his claim for ineffective assistance of counsel overcomes the procedural default. (ECF No. 11, PageID #2178). The Magistrate Judge determined that, while Petitioner raised ineffective assistance of counsel to the appellate court, Petitioner did not raise the issue on appeal to the Ohio Supreme Court. (ECF No. 10, PageID #2156). Petitioner counters that his jurisdictional brief to the Ohio Supreme Court included

11

references to his ineffective-assistance claim. (ECF No. 11, PageID #2178–79). Specifically, the heading of Petitioner's First Proposition of Law stated:

> Where a defendant is deprived of jury unanimity based upon a duplicitous charge in an indictment and thereafter a jury verdict upon multiple acts his constitutional and legislative right are violated and the error must be recognized upon review or otherwise the conviction must be reversed based upon ineffective assistance of counsel.

(ECF No. 11, PageID #2178; ECF 6-1, PageID #412). The last sentence of Petitioner's argument beneath his First Proposition of Law states: "If [plain error is] not [recognized], because the error would have been sustained under a *de novo* review had an objection been made the conviction must be reversed for ineffective assistance of counsel." (ECF No. 11, PageID #2178; ECF No. 6-1, PageID #415). No law, argument, or allegation appears in support of Petitioner's ineffective-assistance claim.

While Petitioner's memorandum in support of jurisdiction contains these statements, the state must have had the "opportunity to pass upon and correct" violations of his federal rights to avoid procedural default. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). That opportunity comes from a prisoner's "fair presentment" of his federal claim in each state court, including the state supreme court. *Baldwin*, 541 U.S. at 29 (citing *Duncan*, 513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999)). A claim is "fairly presented" when the petitioner asserts "both the factual and legal basis for his claim to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987)).

To decide whether a claim is "fairly presented," courts observe whether the claim includes: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or

12

in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 326). A generic claim of ineffective assistance without referring to a federal claim, supporting case law, a federal constitutional argument, or a factual description supporting the claim, does not meet the "fair presentment" requirement. *Baldwin v. Reese*, 541 U.S. 27, 33 (2004).

Such is the case here. Petitioner's jurisdictional memorandum supplies no case law, constitutional analysis, nor any particular facts that allege a denial of his Sixth Amendment right to counsel. Instead, the discussion beneath Petitioner's First Proposition of Law focuses entirely on his claimed right to a unanimous jury verdict and the impropriety of the appellate court's decision not to correct plain error. (ECF No. 6-1, PageID #412–15). That Petitioner tacks the phrase "ineffective assistance of counsel" onto the end of a heading and the last sentence of the section—with no reference even to the standard by which the court was meant to analyze that claim—falls far short of fairly presenting the matter.

Moreover, Petitioner's reliance on *Engle v. Isaac*, 456 U.S. 107 (1982) does not help his cause. (ECF No. 11, PageID #2177). In *Engle*, the petitioner argued that the cause-and-prejudice standard discussed previously should be replaced by a plain-error inquiry at the federal level. *Id.* at 135. The Court rejected that argument, explaining that, while federal courts on direct review apply a plain-error rule, "[f]ederal habeas challenges to state convictions, however, entail greater finality problems and special comity concerns." *Id.* Footnote 44, to which Petitioner cites, does not suggest that the court of appeals erred when it declined to correct plain-error such that Petitioner was excused from making a contemporaneous objection to the jury instructions at trial; it merely explains why the Court refused to adopt a plain-error rule for collateral review of state

13

convictions.  *Id.* at 135 n.44.  Therefore, Petitioner failed to satisfy prong four of the *Maupin* factors, and the Magistrate Judge correctly concluded that Ground Two is procedurally defaulted.

Accordingly, the Court **OVERRULES** Petitioner's objections to the Magistrate Judge's conclusion that Ground Two is procedurally defaulted and **ADOPTS** this portion of the R&R.

        2.        *Ground Three*

Petitioner alleges that the trial court violated his constitutional rights to due process and double jeopardy when it required Petitioner to register as a sex offender as part of his sentence.[1] (ECF No. 7, PageID #2099).  The Magistrate Judge concluded that these claims are procedurally defaulted; Petitioner did not object to the imposition of sex offender registration at sentencing, and the court of appeals reviewed Petitioner's due process and double jeopardy claims for plain error. (ECF No. 10, PageID #2157); *State v. Brown*, 134 N.E.3d 783, 795 (Ohio Ct. App. Apr. 19, 2019).

Petitioner argues that his sentence should be voided because it is "unknown if he was convicted of human sex trafficking which requires sex offender classification." (ECF No. 11, PageID #2180).  As explained above, the contemporaneous objection rule is an independent and adequate procedural rule barring federal habeas review that satisfies the first three *Maupin* factors. Therefore, it is the petitioner's burden to show cause for the default and actual prejudice resulting from the alleged violation.

Petitioner points the Court to *Rosales-Mireles v. United States*, 585 U.S. 129 (2018), arguing that the incorrect information before the sentencing court—namely, the *lack* of information as to whether Petitioner had committed a sex offense—resulted in his required registration as a sex offender, which was above the statutory maximum.  (ECF No. 11, PageID

---

[1] The Magistrate Judge also found that Petitioner's Eighth Amendment claim for cruel and unusual punishment was procedurally barred for failure to bring the claim in state court. (ECF No. 10, PageID #2157).  Petitioner advances no further arguments in support of that claim, and this Court agrees with that conclusion.

14

#2180–81). *Rosales-Mireles*, however, addressed a district court's miscalculation of the United States Sentencing Guidelines resulting in plain error and the impact it had on the defendant's substantial rights; the Court determined that the *particular error* at issue seriously affects "the fairness, integrity, or public reputation of judicial proceedings," thus warranting habeas relief. *Id.* at 132.

There is no such error before this Court. Petitioner's state-court conviction/sentence did not involve the United States Sentencing Guidelines. Thus, *Rosales-Mireles* is irrelevant to this Court's analysis. The Court has already determined that there was no room for confusion regarding which act under the statute Petitioner committed; the jury (and by extension, the sentencing court) was not left to wonder whether or not Petitioner had been convicted of a sex offense. All the evidence pertained to Petitioner's efforts to compel persons into performing sexual activity. Petitioner therefore failed to show cause and prejudice to overcome procedural default of this claim.

Accordingly, the Court **OVERRULES** Petitioner's objections to the Magistrate Judge's finding that Ground Three is procedurally defaulted and **ADOPTS** this part of the R&R.

### C. Ground Four does not amount to a violation requiring federal habeas relief.

In his fourth objection to the Magistrate's R&R, Petitioner alleges that the trial court's admittance of bad-acts evidence was an "egregious" violation of "fundamental fairness and due process of law." (ECF No. 11, PageID #2182). The Magistrate Judge found that this claim was not cognizable on federal habeas review because Petitioner claims "that the state trial court erred in its application of state law." (ECF No. 10, PageID #2157). The Court agrees with the Magistrate Judge's recommendation that this is an issue of state law and is not cognizable under federal habeas review. That said, a state court's evidentiary hearing may be the basis for federal habeas relief "if

15

the ruling is so fundamentally unfair that it rises to the level of a due process violation." *Stewart v. Winn*, 967 F.3d 534, 540 (6th Cir. 2020).

For federal habeas relief to be granted, Petitioner must identify "a Supreme Court case that addresses the 'specific kind of evidence' challenged." *Mix v. Burgess*, No. 23-1830, 2024 WL 4212193, at *2 (6th Cir. Mar. 18, 2024) (quoting *Stewart v. Winn*, 967 F.3d 534, 540 (6th Cir. 2020). Petitioner not only failed to do so, he *cannot* do so. "[T]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Yet, an otherwise non-cognizable claim may still be granted relief when an evidentiary ruling is so egregious it results in the denial of fundamental fairness. *Id.*

The court of appeals reviewed Petitioner's evidentiary claims and found that B.F.'s testimony was admitted for an improper purpose, but that B.F.'s testimony was unnecessary for the jury to find compulsion because "force" is not an element of "Trafficking in Persons." *State v. Brown*, 134 N.E.3d 783, 806 (Ohio Ct. App. Apr. 19, 2019). *Brown* concluded that D.R.'s testimony sufficiently established that Petitioner "compelled" the victim to commit sexual activity for hire. *Id.* Although *Brown* found that B.F.'s testimony was more prejudicial than probative, when viewed in context with the whole trial—a murder trial in which Petitioner "was alleged to have orchestrated two men to rob two women, with an unintended victim getting shot and killed"— B.F.'s testimony was harmless. *Id.*

Petitioner reiterates in his objection that B.F.'s testimony alone established that he compelled another to engage in sexual activity (ECF No. 11, PageID #2181), but the record speaks for itself. As the court of appeals correctly explained, compulsion, not force, is the operative, violative act under Ohio Rev. Code Ann. § 2905.32(B) (West 2022). D.R.'s testimony sufficiently

16

established compulsion by fear and duress such that the jury convicted Petitioner of Trafficking in Persons. The Court agrees with the court of appeals' decision and the Magistrate Judge's R&R, and finds that Petitioner has not proven that the admission of other acts evidence violated his federal due process rights. Thus, Petitioner's fourth objection is without sufficient evidence to establish a denial of fundamental fairness.

Accordingly, the Court **OVERRULES** Petitioner's objections to the Magistrate Judge's finding that Ground Four is not cognizable on federal habeas review and **ADOPTS** this part of the R&R.

### D. Brown is not entitled to a Certificate of Appealability.

Finally, the Court **ADOPTS** the R&R concerning Petitioner's request for a certificate of appealability. (ECF No. 11, PageID #2182–84). A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability ("COA") and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). A COA may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Should a district court determine a petitioner's constitutional claim lacks merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[A] court should not grant a [COA] without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 956 F.3d 485, 488 (6th Cir. 2020) (quoting *Slack*, 529 U.S. at 484). Put another way, "a [COA] is improper if any outcome-determinative issue is not reasonably debatable." *Moody* 956 F.3d at 488.

Petitioner has not made a substantial showing of a denial of his constitutional rights warranting the issuance of a COA. As noted above, *Edwards v. Vannoy* directly addressed the retroactivity of *Ramos*: not only does *Ramos* not apply retroactively, but the watershed exception—upon which Petitioner relies to make this argument—is abolished. *Edwards v. Vannoy*, 593 U.S. 255, 272 (2021). As a result, Petitioner fails to make a substantial showing that his constitutional rights were denied. Therefore, no certificate of appealability will be issued.

## IV.     CONCLUSION

Accordingly, the Court **ADOPTS** the R&R and incorporates it herein by reference. The Court hereby **DENIES** and **DISMISSES** the Petition. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated: May 5, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**